**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| JEFFREY S. KLECAN and ) | |
| KAREN D. KLECAN, ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Case No. 08-2256 |
| COUNTRYWIDE HOME LOANS, INC. ) | |
| and LANDSAFE FLOOD ) | |
| DETERMINATION, INC., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On October 22, 2008, Defendants removed this case from the Circuit Court of the Twenty-First Judicial Circuit, Iroquois County, Illinois. Defendants asserted that the amount in controversy exceeded the sum of $75,000, exclusive of costs and interest. They also asserted diversity of citizenship. On December 3, 2008, Plaintiffs filed a Motion to Remand Cause to Iroquois County, Illinois (#7). Defendants have not filed in opposition.

Attached to the motion is the joint Affidavit of Plaintiffs Jeffrey S. Klecan and Karen D. Klecan. According to Paragraph 2 of that Affidavit, Plaintiffs "have not been damaged in an amount exceeding $75,000.00 and are thus not seeking an amount over $75,000.00 in this case." (#7-2, ¶ 2.) In light of this statement, the Court concludes that Plaintiffs have admitted that they are not entitled to damages in excess of the jurisdictional threshold. Thus, the Court concludes to a legal certainty that Plaintiffs cannot recover damages exceeding $75,000. Based upon that conclusion, it is clear that the Court does not have jurisdiction and remand is proper.

Accordingly, the undersigned recommends pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that the Motion to Remand Cause to Iroquois County, Illinois (#7) be GRANTED and this case be remanded to the Circuit Court for the Twenty-First Judicial Circuit, Iroquois County, Illinois, pursuant to 28 U.S.C. § 1447(c).

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 9th day of January, 2009.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE